# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 28, 2008

134739
134978

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SHEPHERD MONTESSORI CENTER MILAN,
      Plaintiff-Appellee,

v

ANN ARBOR CHARTER TOWNSHIP,
ANN ARBOR CHARTER TOWNSHIP ZONING
OFFICIAL and ANN ARBOR CHARTER
TOWNSHIP ZONING BOARD OF APPEALS,
      Defendants-Appellants.

SC: 134739
COA: 272357
Washtenaw CC: 00-001072-AS

_____/

SHEPHERD MONTESSORI CENTER MILAN,
      Plaintiff-Appellee,

v

ANN ARBOR CHARTER TOWNSHIP,
ANN ARBOR CHARTER TOWNSHIP ZONING
OFFICIAL and ANN ARBOR CHARTER
TOWNSHIP ZONING BOARD OF APPEALS,
      Defendants-Appellants.

SC: 134978
COA: 272357
Washtenaw CC: 00-001072-AS

_____/

On order of the Court, the application for leave to appeal the May 22, 2007 judgment and the application for leave to appeal the August 21, 2007 order of the Court of Appeals are considered. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the May 22, 2007 judgment of the Court of Appeals and we REMAND this case to the Court of Appeals for reconsideration in light of *Greater Bible Way Temple of Jackson v City of Jackson,* 478 Mich 373 (2007). In particular, the Court of Appeals should reconsider whether the denial of the zoning variance imposed a "substantial burden" on the plaintiff's religious exercise, i.e., whether the denial of the variance "coerce[s] individuals into acting contrary to their religious beliefs." *Id.* at 401.

"A mere inconvenience or irritation" or "something that simply makes it more difficult in some respect to practice one's religion does not constitute a 'substantial burden.'" *Id.* In addition, we REVERSE the August 21, 2007 order of the Court of Appeals awarding plaintiff sanctions for a vexatious motion for reconsideration. Given the facts and the law at issue in this case, the Court of Appeals clearly erred in imposing such sanctions.

CAVANAGH, J., would grant leave to appeal.

KELLY, J., dissents and states as follows:

I would not remand this case to the Court of Appeals for reconsideration in light of *Greater Bible Way Temple of Jackson v City of Jackson*,[1] for the reasons stated in my concurrence in that case. Rather, I would grant leave to appeal to consider whether the denial of a variance implicates the Religious Land Use and Institutionalized Persons Act.[2] If it does, we should determine whether it imposes a substantial burden on plaintiff's exercise of its religious beliefs.

---

[1] 478 Mich 373 (2007).

[2] 42 USC 2000cc *et seq.*



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 28, 2008

*Corbin R. Davis*
Clerk

p0325